IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RANDALL THOMAS MCARTY                                                                            PLAINTIFF

v.                                              Civil No. 6:18-cv-06032

WARDEN NURZAHAL FAUST, Ouachita
Regional Correction Unit                                                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 82), Defendant's Second Motion for Summary Judgment (ECF No. 89), and the parties' various responses and replies associated with the motions. The motions are ripe for the Court's consideration.

### I. BACKGROUND

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Arkansas Department of Correction ("ADC") and he is currently housed at the Varner Unit. Plaintiff's only remaining claim in this case concerns his incarceration and subsequent transfer from the ADC's Ouachita River Correctional Unit ("ORCU").[1]

In his Second Amended Complaint, Plaintiff alleges that on February 8, 2018, Defendant violated his constitutional rights by transferring him from ORCU to the Varner Unit in retaliation for his filing several grievances. (ECF No. 42). Defendant was at all times relevant to this lawsuit the warden at ORCU. (ECF No. 43).

ORCU is primarily a treatment unit for inmates with medical conditions and special needs. (ECF No. 91, Ex. 1). ORCU is a minimum to medium security unit, and does not have security features, like an electric fence, to house inmates serving longer sentences who have no medical or

---

[1] The Court dismissed all other claims and defendants in an order dated July 10, 2019. (ECF No. 69).

special needs. (ECF No. 91, Ex. 1). Because ORCU is a medical treatment unit, it frequently receives requests from other ADC units that need to send inmates who require services only provided at ORCU. (ECF No. 91, Ex. 1). Inmates who come to ORCU for medical reasons are generally returned to the unit from which they came or a similar unit. (ECF No. 91, Ex. 1). Plaintiff originally came to ORCU for medical treatment from a medium to maximum security unit. (ECF No. 91, Ex. 1).

Given the frequency that ORCU receives requests from other units needing to transfer an inmate to ORCU, the classification officer at ORCU, Jerilynn Hosman, keeps a list of inmates who are currently at ORCU that can be transferred to other units. An inmate can only be placed on the transfer list by Defendant, a deputy warden, or a major. (ECF No. 91, Ex. 1).

On February 1, 2018, Defendant emailed Hosman, ORCU classification officer, directing her to put Plaintiff on the transfer list. (ECF No. 91, Ex. 1, 3). Specifically, the email stated, "See if you can get [Plaintiff] to another unit, he needs a change of scenery. He is a lifer, medical M-2 with no restrictions, so he should not be hard to transfer." ECF No. 91, Ex. 3, p. 15. Defendant states in her affidavit that Plaintiff was put on the transfer list "because he no longer needed medical services, and had no medical restrictions, and he is serving a life-sentence as a result of a conviction of 1st Degree murder." (ECF No. 91, Ex. 1).

Although Plaintiff was originally transferred to ORCU for medical treatment, Defendant states that as early as January 2018, Plaintiff no longer had any medical problems requiring special treatment. (ECF No. 85, Ex. 1; ECF No. 91, Ex. 1). Plaintiff disputes that he did not have any medical problems requiring special treatment at the time of his transfer, stating that he "was under a continuing medical treatment for esophagus stricture." (ECF No. 87, Ex. 1). Plaintiff offers medical records to support his condition, specifically Dr. Robert Breving's note on July 21, 2017, that Plaintiff will "need to be on a Barrett's surveillance regimen for the rest of his life" and that "he may need to undergo Barrett's ablation again sometime in the future as Barrett's can regrow

2

at the same site or at the sites." (ECF No. 63 at 29).

Beginning January 22, 2018, Plaintiff filed several grievances concerning the revocation of his hobby craft privileges and other issues. (ECF No. 84, Exs. 1-3).[2] These grievances were either acknowledged or forwarded to Defendant's office during the period of January 29, 2018, through February 7, 2018. Defendant began responding to these grievances on February 2, 2018. She sent the last of the responses on February 8, 2018. Plaintiff states that he also wrote a letter to Defendant on January 26, 2018, concerning the issues involving his hobby craft privileges, and specifically concerning grievances SNN18-0002, SNN18-00003, and SNN18-00004. (ECF No. 96, Ex. 3).

In her affidavit, Defendant states that her "office did not receive any of [Plaintiff's] grievances until February 2, 2018." (ECF No. 91, Ex. 1). Plaintiff's grievance numbers SNN18-00002, SNN18-00003, and SNN18-00004 are each stamped "RECEIVED Feb 02 2018 Ouachita River Unit Wardens Office" in the lower right corner. (ECF No. 91, Ex. 3). Defendant explains in her affidavit that she "did not have personal knowledge about Inmate McArty's grievances, Grievance No. SNN18-0002, Grievance SNN18-0003, and Grievance No. SNN18-0004 until February 2, 2018." (ECF No. 91, Ex. 1). Defendant further explains that her "office did not receive the appeals for Grievance No. SNN18-0005 and Grievance No. SNN18-0008 until February 5, 2018." (ECF No. 91, Ex. 1).

An email from Hosman to Meredith McConnell, a Varner Unit classification and assignment officer, dated February 7, 2018, states "Mr. Jackson said the Inmate Mcarty101565 has been approved as a swap for Gray." (ECF No. 91, Ex. 3). Defendant states in her affidavit that it was her decision to transfer Plaintiff to the Varner Unit to open a bed for Inmate Gray (ADC #079784), who had been transferred from the Varner Unit to ORCU for medical care. (ECF No.

---

[2] Plaintiff filed the following grievances during the period of January 22, 2018, through January 31, 2018: SNN18-00002, SNN18-00003, SNN18-00004, SNN18-00005, SNN18-00008, and SNN18-00010. (ECF No. 84, Exs. 1-6).

91, Ex. 1). Defendant explains that to have a bed for Gray at ORCU, an inmate from ORCU had to be transferred to the Varner Unit. (ECF No. 91, Ex. 1).

Plaintiff has submitted the affidavit of Kenny Halfacre, an inmate, who had been assigned to the job of classification clerk at several ADC units. (ECF No. 95, Ex. 2). Halfacre's affidavit states the following:

> I was assigned as a classification clerk at the Cummins Unit, the East Arkansas Unit, and the Max Unit at Tucker, and it was an unwritten policy that when a transfer was requested for an inmate who was not a disciplinary problem and had not requested a unit transfer, the respective inmate had become a management problem and someone wanted him transferred to a punishment unit, such as the Varner or East Arkansas Units. This is especially true if the transfer request is initiated by someone from the higher chain of command, Warden, Deputy Warden, etc. As a general rule, these people don't concern themselves with trivial matters such as transfers, so when one of these people do request an inmates transfer that inmate has done something that's caused him to become a management problem and a transfer to a punishment unit is the solution to the problem.

(ECF No. 95, Ex. 2).

Both Plaintiff and Defendant argue that they are entitled to summary judgment on the only remaining claim in this lawsuit, a retaliatory transfer claim against Defendant in her individual capacity.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

Defendant argues that Plaintiff cannot present the *prima facie* evidence necessary to prove his retaliatory transfer claim. Alternatively, Defendant argues that she is entitled to qualified immunity. On the other hand, Plaintiff argues that he can show "but for an unconstitutional, retaliatory motive [his] transfer would not have occurred. (ECF No. 83, p. 2).

Generally, prison administrators may transfer a prisoner for whatever reason or for no reason at all. *Cornell v. Woods*, 69 F.3d 1383, 1387 (8th Cir. 1995). However, a prisoner may not be transferred in retaliation for exercising a constitutionally protected right. *Id.* "In a retaliatory transfer case, the burden is on the prisoner to prove that but for an unconstitutional, retaliatory motive the transfer would have not occurred." *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (internal quotation omitted). "Even if retaliation was one factor in the decision to transfer [an inmate]," the inmate must show that his transfer would not have occurred "but for" the retaliation. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1026 (8th Cir. 2012); *Webb v. Hedrick*, 409 F. App'x 33, 35 (8th Cir. 2010) (unpublished).

Plaintiff states that, while being housed at ORCU, he engaged in protected activity by filing

several grievances concerning the revocation of his hobby craft card and other issues. Plaintiff asserts Defendant's decision to transfer him from ORCU to Varner was in retaliation for his filing those grievances. Plaintiff's hobby craft privileges were revoked on or about January 22 or 23, 2018. Plaintiff filed two grievances concerning this revocation on January 22, 2018, and another grievance concerning his revocation on January 23, 2018. Plaintiff also filed grievances regarding other issues beginning January 25, 2018. Defendant placed Plaintiff on the transfer list via an email to Hosman on February 1, 2018. Plaintiff was transferred from ORCU to the Varner Unit on February 8, 2018.

Defendant's affidavit testimony states that her "office did not receive any of [Plaintiff's] grievances until February 2, 2018," and that she "did not have personal knowledge about [Plaintiff's] grievances, Grievance No. SNN18-0002, Grievance SNN18-0003, and Grievance No. SNN18-0004 until February 2, 2018."[3] (ECF No. 91, Ex. 1). These statements are uncontroverted. Plaintiff offers no evidence showing that Defendant knew about his grievances prior to him being placed on the transfer list. Further, Plaintiff fails to produce specific facts showing that he would not have been transferred "but for" an unconstitutional retaliatory motive.[4] Thus, the Court finds that summary judgment should be entered in Defendant's favor.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 89) should be and hereby is **GRANTED**. For the same reasons, the Court finds that Plaintiff's Motion for Summary Judgment (ECF No. 82) should be and hereby is **DENIED**. Accordingly, Plaintiff's case is **DISMISSED WITH PREJUDICE**. A judgment of

---

[3] Grievance No. SNN18-00005 and Grievance No. SNN18-00008 were forwarded to Defendant's office on February 5, 2018. (ECF No. 84, Exs. 4, 5). Grievance No. SNN18-00010 was forwarded to Defendant's office on February 8, 2018. (ECF No. 84, Ex. 6).
[4] Having found that the facts do not make out a constitutional violation, there is no need to reach the issue of qualified immunity. *See Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009).

even date shall issue.

**IT IS SO ORDERED**, this 1st day of September, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge